IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EMANUELLE K.F. OLIVEIRA-MONTE, Ph.D., | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:22-cv-00481 |
| v. | ) ) | JUDGE CAMPBELL |
| VANDERBILT UNIVERSITY, | ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) ) | |

**MEMORANDUM**

Pending before the Court is Defendant's Motion to Dismiss the Complaint. (Doc. No. 16). Plaintiff filed a response in opposition (Doc. No. 24), and Defendant filed a reply (Doc. No. 25). For the reasons stated herein, the motion will be **GRANTED in part and DENIED in part**.

I. BACKGROUND[1]

Plaintiff Emanuelle K.F. Oliveira-Monte ("Dr. Oliveira-Monte") is a tenured Assistant Professor in the Department of Spanish and Portuguese at Vanderbilt University ("Vanderbilt") (¶ 7). In April of 2015, Dr. Oliveira-Monte received a diagnosis of Multiple Sclerosis ("MS"). (¶ 9). In 2017, her condition deteriorated such that she made an ADA accommodation request that she only teach one course for the spring 2018 semester. (¶ 11). Vanderbilt approved Dr. Oliveira-Monte's request with a 25% reduction in salary and a requirement that she perform additional university service during that time. (¶ 12). This accommodation period lasted from January 1 to August 31, 2018. (*Id.*). Dr. Oliveira-Monte additionally requested that all of her classes be held in Wilson Hall and the use of a scooter for ease of travel while on campus. (¶ 14). She states that she

---

[1] The factual background is drawn from the Complaint (Doc. No. 1), which is cited as "¶ __."

"knew that a scooter had been approved for another employee yet she was denied the accommodation." (*Id*.).

In 2020, Dr. Oliveira-Monte was recommended for a promotion from Assistant Professor to Professor by her Department. (¶ 17). Notwithstanding her qualifications for the position and the recommendation by her Department, Dean John Geer rejected her promotion, a decision that was upheld on appeal. (¶¶ 18-23).

Dr. Oliveira-Monte filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in November 2020. She filed the Complaint in this case in June 2022 alleging discrimination (Count I) and retaliation (Count II) under the Americans with Disabilities Act ("ADA"). Vanderbilt now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss both claims. (Doc. No. 16).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III. ANALYSIS

The ADA prohibits discrimination and retaliation "against a qualified individual on the basis of disability in regard to …[the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The Act also requires employers make "reasonable accommodations to known physical or mental limitations of an otherwise qualified individual with a disability … unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the covered entity." 42 U.S.C. § 12112(b)(5)(A).

#### A. Count I: Discrimination

As grounds for their motion to dismiss Count I, Vanderbilt argues that Dr. Oliveira-Monte has failed to sufficiently allege disability discrimination under the ADA. Plaintiffs need not make a prima facie showing to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (finding it to be error to require plaintiff to plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss). Rather, Plaintiffs need only allege facts that "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[D]etailed factual allegations" are not necessary; a plaintiff need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plausible claim for relief has been made. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679).

The Court has reviewed the Complaint and finds that Dr. Oliveira-Monte has pleaded sufficient factual allegations under the standards set forth in *Iqbal* and *Bell Atlantic Corp. v.*

3

*Twombly*, 550 U.S. 544 (2007), to state a claim for disability discrimination. Accordingly, the motion to dismiss Count I will be denied.

**B.     Count II: Retaliation**

Vanderbilt moves the Court to dismiss Count II as untimely, arguing that more than 300 days passed between the alleged retaliatory conduct, the reduction of Dr. Oliveira-Monte's salary, and her filing of a charge of discrimination with the EEOC. In response to Vanderbilt's motion, Dr. Oliveira-Monte argues that she has alleged other conduct in her Complaint which could form the basis of a retaliation claim, such as Vanderbilt not approving her request for use of a scooter to travel between classes. She does not otherwise respond to the assertion that the claim is untimely.

Notwithstanding Dr. Oliveira-Monte's assertions that the salary reduction "was not the sole retaliatory action taken," (Doc. No. 24 at 5), it is the sole claim of retaliatory conduct that she pleaded. (¶ 37 ("The Plaintiff was retaliated against by Vanderbilt lowering her salary by 25% in response to her request for accommodations.")). She could have, upon the filing of the motion to dismiss, sought to amend her complaint to plead additional retaliatory conduct. She did not. The Court considers the complaint for retaliation as it was pleaded: on the grounds of the salary reduction.

"To exhaust administrative remedies [for a claim under the ADA], a plaintiff must file a timely charge with the Equal Employment Opportunity Commission." *Bullington v. Bedford Cnty., Tennessee*, 905 F.3d 467, 469-70 (6th Cir. 2018) (citing 42 U.S.C. §§ 2000e-5(e)). Failure to do so is grounds for dismissal of the claim. *Id*. Dr. Oliveira-Monte's salary reduction was in effect from January 1 to August 31, 2018. (¶ 12). Accordingly, she had 300 days from August 31, 2018, to file her charge of retaliation with the EEOC. *See* 42 U.S.C. §§ 2000e-5(e). She failed to do so.

The claim is for retaliation is therefore untimely and will be dismissed. *See Bullington*, 905 F.3d at 469-70.

## IV.　CONCLUSION

For the reasons stated herein, Vanderbilt's Motion to Dismiss will be denied as to Count I and granted as to Count II.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5

Case 3:22-cv-00481   Document 31   Filed 03/06/23   Page 5 of 5 PageID #: 254